UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

RONALD IRVIN #168107,
a/k/a RONALD WADE-BEY,

        Plaintiff,                              Case No. 2:07-cv-117

v.                                             HON. WENDELL A. MILES

NORMAN FLUERY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

      I.      Factual allegations

Plaintiff Ronald Irvin, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Norman Fluery, Corrections Officer John Cromel, Corrections Officer Randall Ollis, Nurse Nancy Blackford, and Grievance Coordinator Wayne Trierweiler. Plaintiff alleges in his complaint that while he was confined at the Oaks Correctional Facility, he was placed on modified access, but was not informed of this action. On May 29, 2004, Plaintiff was transferred to LMF and, shortly thereafter, he attempted to file a grievance on LMF's medical staff without following the procedure for obtaining a grievance form while on modified access. On June 2, 2004, Defendant Trierweiler extended Plaintiff's modified access status for an additional 30 days.

On June 3, 2004, Defendant Fluery searched Plaintiff's cell and allegedly altered a legal document. Plaintiff requested grievance forms from Defendant Trierweiler so that he could file a grievance on Defendant Fluery and another on Defendant Trierweiler. Plaintiff claims that Defendant Trierweiler told him that he wouldn't be given forms no matter what his complaint was about. On June 6, 2004, Defendant Fluery refused to give Plaintiff his high blood pressure medicine and wrote a false misconduct on Plaintiff, claiming that he had threatened her. Defendant Cromel falsely claimed that he heard Plaintiff say he was going to "get that nurse, she ain't nothing but white trash . . . she'll get hers." Plaintiff claims that he only threatened to sue Defendant Fluery and not to physically harm her.

As a result of a false misconduct ticket, Plaintiff was placed in administrative segregation pending his hearing. Following his hearing, Plaintiff was found guilty of the major

misconduct and was reclassified to administrative segregation. While in administrative segregation, Plaintiff filed various grievances and complaints against Defendants Blackford and Ollis. In response to Plaintiff's grievances and complaints, Defendant Ollis and Corrections Officer Mason allegedly denied Plaintiff use of law books and used racial slurs against him on September 13, 2004. Plaintiff also complained to Defendant Blackford's supervisor regarding the alleged denial of high blood pressure medicine in retaliation for Plaintiff's use of the grievance system. On October 7, 2004, Defendant Blackford allegedly wrote a false misconduct report on Plaintiff, asserting that Plaintiff had threatened to get her. This misconduct charge was subsequently dismissed during the hearing.

Plaintiff claims that Defendants' conduct violated his First Amendment right to be free from retaliation and his Fourteenth Amendment right to procedural due process. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Trierweiler violated his First and Fourteenth Amendment rights by extending the period of time he was on modified access to the grievance procedure and by denying him grievance forms. Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language...or [are] unfounded." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ JJ. (effective Nov. 1, 2000). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ MM.

With regard to Plaintiff's Fourteenth Amendment claim against Defendant Trierweiler, the Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 510 U.S. 1022 (1995); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994); *McGee v. Grant*, No. 88-1842, 1988 WL 131414, at *1 (6th Cir. Dec. 9, 1988); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996, at *1 (6th Cir. Oct. 24, 1988). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1;

*Wynn*, 1994 WL 105907, at *1.  Therefore, Plaintiff has no Fourteenth Amendment right to file a grievance.

As noted above, Plaintiff also claims that his placement on modified access was improperly extended by Defendant Trierweiler in retaliation for his use of the grievance system. The Sixth Circuit set forth the three elements involved in a retaliation case: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999). However, as noted above, Plaintiff does not have a federally protected interest in the prison's grievance procedure. In fact, the Sixth Circuit has held that prison officials may transfer an inmate because he has filed numerous grievances, without violating a clearly established constitutional right. *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir.), *cert. denied*, 116 S. Ct. 524 (1995). In *Ward*, the Court noted that the transfer enabled prison officials to maintain a peaceful atmosphere without discouraging the Plaintiff from seeking redress of his grievances. *Id.*

A state prisoner fails to show a First Amendment violation based on his placement on modified grievance access, where modified access to the grievance process does not deny him the right or ability to seek redress for meritorious grievances, but merely requires him to obtain permission from the grievance coordinator to file a grievance. *Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, **2 (6th Cir., Aug. 7, 2001). In this case, Plaintiff's placement on modified access to the grievance procedure merely enabled prison officials to screen Plaintiff's grievances prior to filing to determine whether they were meritorious.  See MDOC Policy Directive 03.02.130(II)(PP). Although Plaintiff claims that he was denied all grievance forms, the record

indicates otherwise. Plaintiff attaches a copy of Defendant Trierweiler's denial of his request for grievances forms to his motion to bar representation of state employees (docket #9, exhibit B). According to this exhibit, Plaintiff's June 3, 2004, request for nine grievance forms was granted as to the issues numbered 4, 5, 6, and 8, and was denied as to the issues numbered 1, 2, 3, 7 and 9, because Plaintiff did not comply with the grievance procedure with regard to those issues.

Moreover, Plaintiff has not alleged specific facts showing that Defendant Trierweiler's actions were taken in a retaliatory manner. At best, Plaintiff's allegations support an inference that Defendant Trierweiler mistakenly extended Plaintiff's modified access period, not that Defendant acted against Plaintiff with a retaliatory intent. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc); *see also Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (indicating that the *Thaddeus-X* standard applies to claims of retaliation against an inmate for filing lawsuits). The Sixth Circuit has never held that an inmate has an independent constitutional right to file an institutional grievance, apart from the First Amendment right not to be retaliated against for filing one. Moreover, even if Defendant Trierweiler improperly denied Plaintiff a grievance form, Plaintiff could file a grievance directly to the Director's Office at Step III claiming staff corruption. Policy Directive 03.02.130, ¶ II.

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing lawsuit) cannot be compromised by his inability to file an institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff was improperly denied access to the grievance process, the process would be rendered unavailable,

and exhaustion would not be a prerequisite for initiation of a civil rights action. In light of the foregoing, the undersigned recommends dismissal of Plaintiff's claims against Defendant Trierweiler.

Plaintiff claims that he was subjected to false misconduct tickets. With regard to the June 6, 2004, misconduct ticket, Plaintiff claims that he was convicted of this major misconduct based on fabricated evidence. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural

due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not

successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Accordingly, because Plaintiff has not shown that his conviction on the June 6, 2004, misconduct ticket has been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

Furthermore, Plaintiff's complaint, as well as the attached documents, establish that if either of the misconduct ticktets implicated the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

Plaintiff attaches a copy of the misconduct hearing report on the June 6, 2004 ticket to his Motion to Bar Representation of State Employees. A review of this report reveals that Plaintiff was allowed to make a statement and to argue on his own behalf. (Docket #9, Exhibit D.) Furthermore, with regard to the October 7, 2004, misconduct which was written by Defendant Blackford, Plaintiff states that this charge was dismissed during the hearing. Therefore, the undersigned recommends dismissal of Plaintiff's due process claims.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

        /s/ Timothy P. Greeley  
        TIMOTHY P. GREELEY  
        UNITED STATES MAGISTRATE JUDGE

Dated:   September 11, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).