UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD WADE-BEY,
a/k/a RONALD IRVIN,

    Plaintiff,

v.

NORMAN FLUERY, et al.,

    Defendants.
_____/

CASE NO. 2:07-CV-117

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on an action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Ronald Irvin against three prison corrections officers, Defendants Norman Fluery, John Cromel, and Randall Ollis, and a prison nurse, Defendant Nancy Blackford. On April 30, 2009, Defendants filed a motion for summary judgment on Plaintiff's claims. (Dkt. No. 80.) On January 8, 2010, Magistrate Judge Timothy P. Greeley issued a report and recommendation (R&R) recommending that the Court grant Plaintiff's motion and dismiss this case in its entirety. (Dkt. No. 96.) On January 22, 2010, Plaintiff filed a motion asking the Court to reconsider a previous order denying Plaintiff's motion to alter judgment (Dkt. No. 99), and on the same day Plaintiff filed objections to the R&R (Dkt. No. 100). This Court must review de novo those portions of the R&R to which specific objection has been made,

and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, only those objections that are specific are entitled to de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider").

## I. Background

On June 6, 2004, Defendants Cromel and Fluery filed a misconduct ticket against Plaintiff based on Plaintiff's "threatening behavior." Specifically, the ticket alleged that Plaintiff threatened to kill Defendant Blackford. Plaintiff, however, claims that he never threatened to kill Defendant Blackford, and that Defendants Cromel and Fluery filed the June 6, 2004, misconduct report against him in retaliation for Plaintiff's threat to sue Defendant Fluery for depriving him of a meal, and for "correspondence" that Plaintiff wrote to the prison warden expressing fear for his safety. (Dkt. No. 1, Pl.'s Compl. 4-5.) In a hearing on the misconduct ticket held on June 10, 2004, the hearing officer found Plaintiff guilty of threatening behavior as charged. (Dkt. No. 81, Ex. 1.)

On October 7, 2004, Defendants Blackford and Ollis filed a misconduct ticket against Plaintiff based on Plaintiff's "insolence" and "threatening behavior," again directed toward Defendant Blackford. Specifically, the ticket alleged that Plaintiff called Defendant

Blackford various derogatory epithets and that Plaintiff told Defendant Blackford "I'll get you, you ugly bit--." Plaintiff claims that he never made these statements, and that Defendants Blackford and Ollis filed the October 7, 2004, misconduct report against him in retaliation for Plaintiff's threat to sue Defendant Blackford for depriving him of medication and for complaints lodged by Plaintiff against Defendants Blackford and Ollis. In a hearing on the misconduct ticket held on October 18, 2004, the hearing officer determined that Plaintiff had, in fact, made the alleged statements, but that the statements supported only the insolence charge and not the charge of threatening behavior. (Dkt. No. 81, Ex. 2.)

In a complaint filed June 11, 2007, Plaintiff lodged a litany of claims against various Defendants, including retaliation claims against Defendants Cromel, Fluery, Blackford and Ollis based on their respective roles in filing the June 6, 2004, and October 7, 2004, misconduct tickets against Plaintiff. (Dkt. No. 1.) On October 16, 2007, this Court adopted a report and recommendation recommending that the complaint be dismissed in its entirety for failure to state a claim. (Dkt. No. 16.) On July 8, 2008, upon a motion for reconsideration filed by Plaintiff, this Court reinstated Plaintiff's claims for retaliation against Defendants Cromel, Fluery, Blackford and Ollis based on their respective roles in filing the June 6, 2004, and October 7, 2004, misconduct tickets against Plaintiff. (Dkt. No. 31.) No other claims were reinstated.

A retaliation claim consists of three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the Plaintiff that would deter a person of

3

ordinary fitness from continuing to engage in that conduct; (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

## II. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's determination that, with respect to Plaintiff's retaliation claims based on the June 6 and October 7 misconduct tickets, Plaintiff has failed as a matter of law to establish the third element of his retaliation claim, that the adverse action was motivated at least in part by protected conduct of Plaintiff. (Dkt. No. 100, Pl.'s Objs. 8-11 (citing Dkt No. 96, R&R at 7).) In *Clemons v. Cook,* 52 F. App'x 762 (6th Cir. 2002) (unpublished), the Sixth Circuit agreed with the Eight Circuit that "[a] finding of guilt based on some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Id.* at 763 (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). Though an unpublished opinion, the reasoning and holding of *Clemons* are sound. The fact that Plaintiff was found to have committed the actions alleged in the misconduct tickets, and was sanctioned accordingly, is conclusive evidence that the Defendants filed the misconduct tickets against Plaintiff because he engaged in punishable activity, not as retaliation for any protected conduct.

Plaintiff also objects to the Magistrate's determination that, with respect to Plaintiff's retaliation claim against Defendants Cromel and Fluery for their roles in filing the June 6, 2004, misconduct ticket against Plaintiff, Plaintiff failed to meet the first element of his

4

retaliation claim because Plaintiff's threat to sue Defendant Fluery was not "protected activity." (Dkt. No. 100, Pl.'s Objs. 3-4 (citing Dkt. No. 96, R&R at 4).) However, even assuming Plaintiff's threat to sue Defendant Fluery was protected activity, or that Plaintiff was engaged in any other protected activity, as discussed above Plaintiff has still failed to demonstrate that the filing of the June 6, 2004, misconduct ticket "was motivated at least in part by" protected activity, and so Plaintiff's claim must still fail.

### III. Plaintiff's Motion for Reconsideration

Plaintiff requests that the Court reconsider its January 8, 2010, order denying Plaintiff's motion to alter judgment. (Dkt. No. 99.) The Magistrate Judge denied Plaintiff's motion to alter judgment because he determined that the motion was not timely filed. (Dkt. No. 97.). According to the applicable version of Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter a judgment must be made no later than ten days after the entry of the judgment. The judgment Plaintiff sought to alter was rendered on April 27, 2009, and his motion was filed on May 8, 2009. As Plaintiff properly points out, according to the rules in effect when Plaintiff filed his motion, weekends are not to be counted in calculating the ten-day period. Fed. R. Civ. P. 6(a). Thus, Plaintiff did in fact file his motion to alter judgment within the required time period, and his motion for reconsideration will be granted. The order dismissing Plaintiff's motion to alter judgment (Dkt. No. 97) will be vacated, in part, to allow the Court to consider the merits of the motion (Dkt. No. 83).

## IV. Plaintiff's Motion to Alter Judgment

Plaintiff's motion to alter judgment (Dkt. No. 83) is essentially a motion for reconsideration of the April 27, 2009, order denying Plaintiff's motion to amend his complaint (Dkt. No. 79). On a motion for reconsideration, the movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition must result from the correction of the defect. W.D. Mich. LCivR 7.4. The Magistrate Judge denied Plaintiff's motion to amend because he determined that "Plaintiff failed to submit a proposed amended complaint." (Dkt. No. 79, at 1.) Plaintiff claims that this determination was a "palpable defect" because he did, in fact, attach a proposed amended complaint to his motion to amend. (Dkt. No. 74.) However, even if the Court were to determine that the Magistrate's failure to consider Plaintiff's proposed amended complaint was a "palpable defect," reconsideration of the Magistrate's April 27, 2009, order denying Plaintiff's motion to amend is still not appropriate since a different disposition would not result from the correction of this defect.

Contrary to Plaintiff's assertion in his motion to alter judgment (Dkt. No. 83), the Court does have discretion to deny Plaintiff's amendment. Though an amendment will be permitted as a matter of course before the party seeking to amend is served with a responsive pleading, once Plaintiff was served with Defendants Cromel and Ollis's answer on December 19, 2008, Plaintiff could only amend with the Court's permission. Fed. R. Civ. P. 15(a)(2). Though the Court should freely give leave to amend as justice requires, the Court is not

required to give leave to amend if the amendment would be futile or if justice does not require the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that Plaintiff's proposed amendment would be futile and that justice does not require the amendment. The majority of the facts that Plaintiff seeks to add to his complaint either fail to state a claim upon which relief can be granted or depend for their own viability on Plaintiff's retaliation claims discussed and dismissed above and in the R&R. (Dkt. No. 74, at 3-7.) Plaintiff also seeks to add to his complaint a claim that Defendant Blackford violated his Eighth Amendment right to adequate medical treatment by failing to give Plaintiff all of his medicine on June 6, 2006. (Dkt. No. 74, at 7, 12.) The Court, however, declines to permit this amendment. Plaintiff himself acknowledges that the prison medical records indicate that he received the appropriate amount of medicine, and Plaintiff has displayed a history of mistreatment of and baseless allegations toward Defendant Blackford. Justice does not require that the Court permit this amendment.

In short, because Plaintiff's motion to amend (Dkt. No. 79) would be denied even if the Court considered Plaintiff's proposed amendment, Plaintiff has not satisfied the standard necessary for the Court to reconsider its April 27, 2009, denial of Plaintiff's motion to amend. Thus, Plaintiff's motion to alter judgment (characterized as a motion for reconsideration of the April 27 order) (Dkt. No. 83) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the report and recommendation (Dkt. No. 100) are **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 96) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 80) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of the order denying Plaintiff's motion to alter judgment (Dkt. No. 99) is **GRANTED**. The January 8, 2010, order denying Plaintiff's motion to alter judgment (Dkt. No. 97) is **VACATED IN PART** to the extent it dismisses Plaintiff's motion to alter judgment as untimely.

**IT IS FURTHER ORDERED** that Plaintiff's motion to alter judgment (Dkt. No. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.

The Court certifies that an appeal of the order granting Defendants' motion for summary judgment would not be taken in good faith. *See* 28 U.S.C. 1915(a)(3). The Court expresses no opinion as to whether an appeal of the order denying Plaintiff's motion to alter judgment would be taken in good faith.

Dated: March 18, 2010 　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE